IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RASSAN M. TARABEIN, <br> # 16872-003, <br>     Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br>     Respondent. | * <br> * <br> * <br> * <br> * CRIMINAL NO. 17-00090-KD-B <br> * CIVIL ACTION NO. 19-00250-KD-B <br> * <br> * <br> * <br> * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Rassan M. Tarabein's "Motion to Dismiss Petitioner's 28 U.S.C. § 2255 Motion Without Prejudice Due to Lack of Jurisdiction." (Doc. 166). This action was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases. Having carefully reviewed the record, the undersigned recommends that Tarabein's motion to dismiss (Doc. 166) be granted, and that Tarabein's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 157) be **DISMISSED** without prejudice, because it is premature.

## I. PROCEDURAL BACKGROUND

On June 28, 2017, Petitioner Rassan M. Tarabein was charged in a twenty-two-count superseding indictment with health care fraud and distributing controlled substances for no legitimate

medical purpose. (Doc. 10). On August 31, 2017, Tarabein pleaded guilty to counts one (health care fraud) and eighteen (unlawful distribution of controlled substances) of the superseding indictment, pursuant to a counseled plea agreement. (Doc. 83). On June 8, 2018, Tarabein was sentenced to two concurrent terms of sixty months' imprisonment, one year of supervised release, and restitution. (Doc. 121). That same date, a notice of non-appeal, signed by both Tarabein and his attorney, was filed with the Court. (Doc. 119). On June 20, 2018, the Court entered a judgment consistent with Tarabein's pronounced sentence, which included a preliminary order of forfeiture. (Doc. 121). In the judgment, the Court ordered specifically identified real and personal property to be forfeited to the United States. (Id.).

Tarabein filed a *pro se* notice of appeal that was signed and dated August 29, 2018 and docketed on August 31, 2018. (Doc. 127). Tarabein sought to "appeal unfair sentence due to ineffective counsel . . . ."[1] (Id. at 1). On September 17, 2018, he filed a motion for leave to proceed *in forma pauperis* on appeal, claiming that he was indigent because of the Government forfeiture of his

---

[1] In Tarabein's § 2255 motion and in his pending motion to dismiss, he asserts that after he was sentenced, he asked his trial counsel to file a notice of appeal, but his counsel did not do so. (Doc. 157 at 8; Doc. 166 at 2). Tarabein further alleges that when he learned in August 2018 that his trial counsel had not filed a notice of appeal, he filed his *pro se* notice of appeal. (Doc. 166 at 2).

2

property. (Doc. 133). The district court denied Tarabein's motion for leave to proceed *in forma pauperis* on appeal. (Doc. 138). Although the Court determined that Tarabein was indigent and therefore financially qualified to proceed *in forma pauperis*, the Court found that his appeal was not taken in good faith because he failed to present a non-frivolous issue for appeal. (Id.). On October 2, 2018, Tarabein's retained trial attorneys filed motions to withdraw from the case (Docs. 134, 135), which the Court granted on October 18, 2018. (Doc. 136, 137).

On October 28, 2018, Tarabein filed a motion to reconsider the district court's denial of his motion for leave to proceed *in forma pauperis* on appeal. (Doc. 142). Tarabein explained that he was not seeking to appeal his prison term but intended to instead appeal the restitution and forfeiture provisions in his sentence. (Id.). Tarabein asserted that those provisions were "never a part of the Plea Agreement" and that the "restitution was exaggerated and guessed without material evidence." (Id.). On January 3, 2019, the Court granted Tarabein's motion for reconsideration and motion to proceed *in forma pauperis*. (Doc. 143). The Court held that to the extent Tarabein's appeal of the restitution and forfeiture provisions did not relate to his ineffective assistance of counsel claim, the issue on appeal was not frivolous. (Id.). In a January 11, 2019 trial court memorandum regarding final order of forfeiture, the United States argued that forfeiture became

final as to Tarabein when he was sentenced in June 2018, and that by not timely appealing the forfeiture after the entry of judgment, he was now barred from appealing the forfeiture. (Doc. 145). In an order dated February 11, 2019, the district court vacated its order granting Tarabein leave to proceed *in forma pauperis* on appeal, finding that Tarabein's appeal is frivolous because it is untimely and the United States is unlikely to waive its untimeliness. (Doc. 146).

On May 8, 2019, the Eleventh Circuit issued an order granting Tarabein's motion for appointment of counsel in his direct appeal and denying his motion for leave to proceed *in forma pauperis* on appeal as moot because the "district court has since granted him IFP status based on his motion for reconsideration, as he demonstrated that he wished to raise non-frivolous issues on appeal related to his sentence." See Order Granting Motion for Appointment of Counsel, United States v. Tarabein, No. 18-13743-K, (11th Cir. May 8, 2019). On May 20, 2019, attorney Patricia Kemp of the Federal Defenders office entered her appearance as counsel for Tarabein in his direct appeal. Appearance of Counsel Form, Tarabein, No. 18-13743-K, (11th Cir. May 20, 2019).

On May 13, 2019,[2] Tarabein, proceeding *pro se*, filed the

---

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). (See Doc. 157 at 12).

instant Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255. (Doc. 157). In his motion, Tarabein alleges that he received ineffective assistance of counsel when his retained counsel failed to argue against or object to the restitution and forfeitures that were a part of his sentence, and when his counsel failed to file a direct appeal on his behalf as instructed. (See id.). The Court entered a briefing order on Tarabein's § 2255 motion, ordering the Government to file a response by July 29, 2019. (Doc. 164). On June 13, 2019, Tarabein, through his appointed counsel, Patricia Kemp, filed a "Motion to Dismiss Petitioner's 28 U.S.C. § 2255 Motion Without Prejudice Due to Lack of Jurisdiction." (Doc. 166). Tarabein's motion to dismiss asserts that when the Eleventh Circuit docketed his direct appeal in March 2019, this Court lost jurisdiction over Tarabein's case, and that the proper course of action for addressing a § 2255 motion filed during the pendency of a direct appeal is to dismiss the § 2255 action without prejudice. (Id. at 1). Accordingly, Tarabein requests that the Court dismiss his § 2255 habeas petition without prejudice "because of this Court's lack of jurisdiction." (Id.).

## II. HABEAS STANDARD

The limited scope of habeas relief is well-established, as

this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a[] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 U.S. Dist. LEXIS 59836, at *8-9, 2008 WL 3200694, at *3 (S.D. Ala. Aug. 6, 2008) (quotation marks in original).

### III. **DISCUSSION**

To state a claim for relief under 28 U.S.C. § 2255, a petitioner must show that one of the following occurred: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Section 2255 further requires that a federal prisoner file a § 2255 motion to vacate his sentence

within one year of, *inter alia*, the date his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Ordinarily, a conviction becomes final once the opportunity for direct appeal has been exhausted. Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).[3]

The general rule is that, absent extraordinary circumstances, criminal defendants may not seek collateral relief, including the filing of a § 2255 motion, during the pendency of a direct appeal, as the disposition of the appeal may render the motion moot. United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990); Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968)[4] ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."), abrogated on other grounds by United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988); United States v. Casaran-Rivas, 311 F. App'x 269, 272-73 (11th Cir. 2009) (unpublished) ("[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while

---

[3] A careful reading of § 2255, and relevant case law, suggests that a request for habeas relief should follow a request for relief via direct appeal. See 28 U.S.C. § 2255(f); Akins, 204 F.3d at 1089 n.1; Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001).

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

7

his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief. . . . [T]he district court should have dismissed [the] § 2255 motion as premature."); Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998) ("[I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal."); United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979) ("Ordinarily a section 2255 action is improper during the pendency of an appeal from the conviction."); Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970) ("Except under most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence").

Accordingly, based upon the relevant case law, it is clear that collateral relief and direct appellate relief ordinarily cannot be pursued simultaneously, since the result of a direct appeal might render a habeas petition unnecessary or moot. See Khoury, 901 F.2d at 976. In this case, as indicated above, Tarabein's direct appeal is currently pending before the Eleventh Circuit. Absent extraordinary circumstances, this Court is without jurisdiction to entertain Tarabein's § 2255 motion during the pendency of his direct appeal. A review of Tarabein's 28 U.S.C. § 2255 motion (Doc. 157) reveals no such extraordinary

8

circumstances warranting immediate review. Accordingly, the undersigned is of the opinion that Tarabein's motion to dismiss (Doc. 166) is due to be granted, and that his § 2255 motion should be dismissed without prejudice. See Alaeldin v. United States, 2005 U.S. Dist. LEXIS 34628, at *2 (M.D. Fla. Dec. 7, 2005) ("This Court lacked jurisdiction to consider the 2255 motion when filed, due to the pending appeal; the motion could in fact have been dismissed on that ground.").

## IV. CONCLUSION

For the foregoing reasons, it is recommended that Petitioner Rassan M. Tarabein's motion to dismiss (Doc. 166) be granted, and that his § 2255 motion to vacate, set aside, or correct sentence (Doc. 157) be **DISMISSED** without prejudice as prematurely filed. The dismissal should be without prejudice to Tarabein's right to file a new habeas petition after the disposition of his direct appeal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a]

9

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **17th** day of **June, 2019.**

                                          **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**