IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 17-00090-KD-B |
| | ) |
| RASSAN M. TARABEIN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Rassan M. Tarabein's Emergency Supplemental Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (doc. 197),[1] Tarabein's response to the Court's order to show cause (doc. 201), and the United States response to Tarabein's *pro se* Motion for Compassionate Release (doc. 188). Upon consideration, and for the reasons set forth herein, Tarabein's Motion (doc. 197) is DENIED.

I. Background

Tarabein was charged in a Superseding Indictment with twenty-two counts related to a scheme to defraud health care benefit programs (doc. 10). He pled guilty to Counts 1 and 18, which charged the offenses of health care fraud and unlawful distribution of a controlled substance, respectively. On June 8, 2018, he was sentenced to a term of 60 months as to each offense, to serve concurrently, and 12 months of supervised release, to serve concurrently, and ordered to surrender to the United States Marshal on June 22, 2018 (doc. 121).

Tarabein was incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. However, on or about November 6, 2020, the Federal Bureau of Prisons placed Tarabein on home confinement with electronic monitoring (doc. 199). He is now supervised by the Bureau of Prison's Residential Reentry Management Field Office in Montgomery, Alabama. His estimated release

---

[1] Tarabein's daughter and grandson filed letters in support of release (doc. 196).

date is September 13, 2022. See Federal Bureau of Prisons Inmate Locator

https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last viewed November 5, 2021).

    II. Analysis

Tarabein moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for a reduction of sentence to time served (doc. 197). In relevant part, the statute as amended by the First Step Act of 2018, provides as follows:

> (c) Modification of an imposed term of imprisonment. -- The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction[;]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i). The Court of Appeals for the Eleventh Circuit has held that the applicable Policy Statement is U.S.S.G. § 1B1.13. United States v. Bryant, 996 F. 3d 1243 (11th Cir. 2021).

Tarabein filed his motion while he was incarcerated at FCC Oakdale. (doc. 197). He indicates that before filing his motion, he made several administrative requests to the Warden and Acting Warden to file a motion on his behalf, including a request made September 1, 2020 (doc. 197, p. 6-13). Thus, Tarabein's motion, filed on October 6, 2020, was filed after the lapse of 30

days.  Therefore, the Court finds that Tarabein has met this statutory prerequisite to filing his motion. United States v. Harris, 989 F. 3d 908 (11th Cir. 2021).

As extraordinary and compelling reasons warranting a reduction of his sentence to time served, Tarabein initially pointed out that Covid 19 was spreading at FCC Oakdale because the Bureau of Prisons failed to take sufficient precautions.  He argued that his age, 61 at the time, and multiple underlying medical conditions that diminish his ability to care for himself in prison - diabetes, asthma, high blood pressure, high cholesterol, sleep apnea, history of myocardial infarction and history of lung cancer[2] - placed him at ultra-high risk of death or severe illness should he contract the virus while incarcerated (doc. 197).

The Bureau of Prisons released Tarabein to home confinement with location monitoring. (doc. 199). As a result, the possibility of exposure to Covid 19 while in a prison environment does not currently exist.  Tarabein was ordered to show cause why his motion was not moot (doc. 201). In response, he argues that home confinement is not permanent[3] and therefore, his motion is not moot.  He argues that the Bureau of Prisons could return him to the prison environment, which would result in a significant risk of exposure to Covid 19.

In support of a reduction of sentence to time served, which would eliminate the potential for return to prison, Tarabein argues that he now has multiple sclerosis, an autoimmune disease, which makes him more vulnerable to severe illness. He argues that even though he is fully vaccinated, this disease as well as his age (62) and multiple other medical conditions prevent him from responding

---

[2] Tarabein had been diagnosed with stage I lung cancer. He reports receiving a tumor ablation while in prison and remission as of September 11, 2019 (doc. 197, p. 27, n. 108).

[3] Tarabein asserts that the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). PL 116-136, Mar. 27, 2020, 134 Stat. 281, gave the BOP authority to release prisoners to home confinement during the Act's covered emergency period.  Therefore, should the emergency period end, or the Attorney General revoke its finding that release to home confinement was available in certain circumstances, he would be recalled to prison.  Also, he could be returned to prison should he violate his conditions of home confinement.

to the vaccine as well as persons who are not immunocompromised. Tarabein argues that if he returns to prison, he would be at an increased risk of serious illness or death should he contract the Coronavirus, even though he is fully vaccinated. He also points out that the vaccines are less effective against the highly transmissible variants of Covid 19 (doc. 210).

Also, in support, Tarabein states that he has complied with all conditions of home confinement and would continue to comply with the conditions of his one-year term of supervised release. He also argues that a time-served sentence, at this point approximately 41 months, would be sufficient but not greater than necessary to accomplish the sentencing purposes under 18 U.S.C. § 3553(a). He points out that his offenses were serious but non-violent, he has no history of violent behavior, and no prior criminal history. He admits to one disciplinary infraction while incarcerated. He also argues that selection for home confinement, as well as his age, indicate he is at low risk of reoffending and is not a danger to the community (doc. 210).

Tarabein concludes that extraordinary and compelling reasons exist for a reduction of sentence to time served. Alternatively, he suggests a reduction of sentence to time served with the imposition of an additional term of 10 months and 12 days supervised release, which would mirror the remaining term of his custodial sentence (doc. 210).[4]

However, even if Tarabein met his burden to show extraordinary and compelling reasons which warrant a sentence reduction, the Court must still weigh the applicable sentencing factors. 18 U.S.C. § 3582(c)(1)(A) (the court ... **may** reduce the term of imprisonment ... **after** considering the [applicable] factors set forth in 18 U.S.C. § 3553(a).") (emphasis added). "The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the

---

[4] Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]"

defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid [unwarranted] sentencing disparities; and (10) the need to provide restitution to victims." United States v. Granda, 852 Fed. Appx. 442, 445 n.1 (11th Cir. 2021) (citing 18 U.S.C. § 3553(a)).

The Court has considered the relevant factors.[5] Although the nature and circumstances of Tarabein's offenses may not have been violent, his criminal history not significant, and his risk of recidivism low, the impact of his crimes upon the individuals to whom he prescribed medications, the health care entities he defrauded, and the public, was significant and serious. Therefore, reducing his sentence to time-served would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes." 18 U.S.C. § 3553(a)(2)(A), (B), & (C). Accordingly, Tarabein's motion is DENIED.

**DONE** and **ORDERED** this the 8th day of November 2021.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[5] "Even where consideration of the § 3553(a) factors is mandatory, the district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of them. ... Rather, the district court's acknowledgment that it considered the § 3553(a) factors and the parties' arguments is sufficient." United States v. Granda, 852 Fed. Appx. at 446 (citations omitted).