# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | ) |
| | ) Criminal Action No. 17-00090-K-B |
| **RASSAN M. TARABEIN,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This action is before the Court on the United States' motion for resentencing and Defendant Rassan M. Tarabein's response (docs. 217, 226). The motion was heard March 31, 2022. Upon consideration of the motion, response, and the evidence and testimony presented at the hearing, and for reasons more specifically set forth on the record, the Court makes the following findings:

A. Pursuant to 18 U.S.C. § 3613A(a), Tarabein is in default on his restitution payments. He failed to make sufficient bona fide efforts to pay the minimum monthly payment of $25.00 per month during his incarceration including home confinement. Tarabein paid only $350.00 during his three and one-half years of incarceration (June 2018 through January 2022), despite having funds available.[1] Also, Tarabein failed to make sufficient bona fide efforts to pay the restitution after release even though the evidence shows that he had funds available.[2]

---

[1] Tarabein's brother sent money to Tarabein while in prison. During home confinement, Tarabein obtained a refund of $42,000.00 from his retained defense attorney. He reissued and cashed several cashier's checks from his personal and business accounts. He had access to money in several bank accounts, including his grandson's education account.

[2] Tarabein paid $500.00 in February 2022. However, the evidence indicates that he had sufficient funds available from which to make a more substantial payment than the minimum monthly installment.

      B. Tarabein's failure to pay was willful. The evidence and testimony at the hearing established that he had the means and ability to pay restitution, but purposely did not do so. Instead, he continued to argue in numerous filings that his obligation to pay restitution and the amount of restitution were unfair or unsupported by the evidence.  Also, the Court finds Tarabein's testimony that his caseworker at Keeton Federal Corrections told him not to pay restitution is not credible.

      Having found Tarabein in default, the Court next considered the range of penalties available. Specifically, "the court may, pursuant to section 3565, revoke probation or a term of supervised release, modify the terms or conditions of probation or a term of supervised release, resentence a defendant pursuant to section 3614, hold the defendant in contempt of court, enter a restraining order or injunction, order the sale of property of the defendant, accept a performance bond, enter or adjust a payment schedule, or take any other action necessary to obtain compliance with the order of a fine or restitution." 18 U.S.C. § 3613A(a)(1).

      In deciding "what action to take", the Court considered Tarabein's "employment status, earning ability, financial resources, the willfulness in failing to comply with the fine or restitution order, and any other circumstances that may have a bearing on [his] ability or failure to comply with the order of a fine or restitution." 18 U.S.C. § 3613A(a)(2).

      Upon consideration, the Court declines the option of resentencing Tarabein. Therefore, the United States' motion for resentencing is DENIED.  However, the Court imposes the following modifications to Tarabien's term of supervision:

      1. Tarabein's one (1) year term of supervised release is modified to two (2) years. See 18 U.S.C. § 3613A(a)(1).

2. Tarabein is ordered to pay $97,000.00 to the Clerk of Court on or before April 29, 2022. Tarabein is restrained and enjoined from transferring, cashing, or using the cashier's check in the amount of $97,000.00 for any purpose other than restitution. See 18 U.S.C. § 3613A(a)(1).

3. As a special condition of supervised release, Tarabein is subject to an order to pay $500.00 per month toward restitution (doc. 121, p. 3). If Tarabein pre-pays one-year of restitution installments, or $6,000.00, and $97,000.00 as ordered herein, the Court will consider Tarabein's written plan to travel to Syria, which shall include specific times, dates, and locations.

**DONE** and **ORDERED** this 1st day of April 2022.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**